J. R. HANCE, Respondent, v. PACIFIC EXPRESS COMPANY, Appellant.

St. Louis Court of Appeals, May 12, 1896.

1. **Common Carriers**: CARRIAGE OF LIVE FREIGHT. To warrant a recovery by a shipper against a common carrier for damages to live freight, it is not sufficient for the shipper to show a delivery of the live freight to the carrier in good condition and its redelivery in a damaged condition, but he must further produce evidence tending to prove an injury by human agency causing or concurring to cause the loss. When this is done, the burden is cast upon the carrier to show due diligence in the transportation.

2. ————: ————: SUFFICIENCY OF EVIDENCE. The intervention of such cause or concurrent cause of the loss may be shown by circumstantial evidence. And *held,* that the evidence in that regard was sufficient in this action.

*Appeal from the Lincoln Circuit Court.*—Hon. E. M. Hughes, Judge.

Affirmed.

*G. Pitman Smith* for appellant.

No brief filed for respondent.

Biggs, J.—This is the second time this cause has been before us. 48 Mo. App. 179. On the first trial the circuit court peremptorily instructed the jury to return a verdict for the defendant. We held that to be error, and reversed the judgment and remanded the cause. The leading or controlling facts, and the law applicable thereto, are fully stated in our former opinion, and we need only note in this opinion the difference, if any, in the evidence of the two trials, and determine whether the case has been retried according to our former rulings.

On the twenty-third day of May, 1889, the plaintiff delivered to the defendant at Montgomery City nineteen coops of chickens to be transferred to St. Louis. The plaintiff gave evidence tending to prove that the fowls were placed in good coops; that they were not overcrowded, and were in apparently good condition; that just before the arrival of the train upon which they were transported they were fed and watered, and that when they arrived at St. Louis, a distance of about sixty miles, over one hundred and fifty-six chickens, being more than one third of the whole number shipped, were found dead in the coops. The plaintiff also gave evidence tending to prove that such a rate of mortality—the distance of transportation being considered—was without parallel in the shipment of poultry, except in cases of wrecks.

On the other hand, the defendant's evidence was to the effect that, when the chickens were received, they were hot and apparently in an unhealthy condition; that they were put in a suitable car with ample means of ventilation; that they were given all of the air possible; that they were not subject to any violence or delay during the transit, and that they commenced to die soon after leaving Montgomery City.

Upon this evidence the defendant asked an instruction of nonsuit, which the court refused, to which an exception was saved. At the instance of the plaintiff the following instructions were given, to which the defendant also excepted:

"1. The court instructs the jury that, if they believe from the evidence in the case that the defendant, its agents, or employees, was guilty of any negligence in the transportation of the chickens described in plaintiff's account and statement by failing or neglecting to exercise all reasonable diligence and care for the safety and preservation of said chickens, and that such negligence or carelessness, either in whole or in part, caused the death of said chickens, then your verdict must be for the plaintiff.

"2. If the jury believe from the evidence in the case that the chickens were delivered to the defendant at Montgomery City, Missouri, and were shipped in an apparently good and healthy condition, properly cooped, and in suitable weather, on the twenty-third day of May, 1889, and that afterward, and on the morning of the day, the defendant delivered said chickens to plaintiff's consignee in the city of St. Louis with more than one third of their number dead and destroyed, then the law presumes that the negligence of the defendant produced the death of said chickens, and that this presumption of law obtains until the defendant shows to the satisfaction of the jury by the preponderance of all the evi-

dence in the case that its negligence did not produce the death of said chickens, and that, unless the defendant proves to the satisfaction of the jury by such preponderance of evidence that its negligence did not produce the death of said chickens, your verdict must be for the plaintiff, and that this burden of proof is on the defendant.

"3. The court instructs the jury that, if they believe from the evidence in the cause that the defendant was a carrier of goods for hire between Montgomery City and the city of St. Louis on the twenty-third day of May, 1889, and on the said day the plaintiff delivered to the defendant, to be carried by defendant for hire from Montgomery City to St. Louis, a lot of chickens as described in plaintiff's petition, in apparently healthy condition, properly cooped, and paid defendant for carrying said chickens, and that an uncommon and extraordinary number of said chickens died before they were delivered to the consignee of plaintiff at St. Louis, and the value of same was wholly lost to plaintiff, then the jury will find a verdict for plaintiff, unless they find from the evidence that the death of said chickens was caused by events over which defendant had no control, and was not caused by want of proper care and attention on the part of defendant during the transportation, or while defendant had said chickens in his possession and under his control, and the burden of proving this rests on the defendant.

"By proper care and attention is meant such care and attention as a reasonably prudent person would exercise, with regard to such property, under circumstances similar to those surrounding defendant on the occasion referred to."

The jury returned a verdict for the value of the chickens as shown by the evidence, and the defendant has appealed.

Our first opinion declares in very plain terms the rules of law governing the liability of a common carrier for loss or damage in the transportation of live freight.   Concerning dead freight or inanimate articles the rule is universal that the shipper need only show in the first instance that the freight was delivered in good condition, and that it was not redelivered or was redelivered in a damaged condition.   This makes a *prima facie* case for him, and the *onus* is then cast upon the carrier to absolve itself from negligence.   As to live freight we held that the shipper must go further, and offer some evidence tending to prove an injury by human agency causing or concurring to cause the loss, and that this may be established by circumstantial evidence.   When this is done, then the burden is cast on the carrier to show due diligence in the transportation.   This theory of the law is clearly presented by the plaintiff's second instruction.   That the plaintiff's evidence tended to satisfy the requirements of the rule can not be questioned.   In addition to proof of the delivery of the chickens in apparently healthy condition, and that over one third of them died during the transit, the plaintiff showed by disinterested dealers and shippers of poultry that such a death rate was under the circumstances unprecedented, thus furnishing some evidence that the chickens must have been improperly or negligently handled by the defendant. The burden of showing to the contrary was on the defendant; and, as we have nothing to do with the weight of the evidence, it is immaterial for the purposes of review that there is a great deal of evidence to the effect that the defendant could not have avoided the loss by any sort of diligence or foresight.   It was for the jury to say whether or not the plaintiff's *prima facie* case had been rebutted.

The defendant's second and third instructions are

incomplete, and, as far as they go, they merely state abstractly some of the principles announced in the plaintiff's second instruction, and, therefore, the defendant was not prejudiced by the refusal of them. An examination of the record has convinced us that the case has been tried in conformity with our first opinion, and. we will, therefore, affirm the judgment. All the judges concur.