LACHNER BROS., Respondents, v. ADAMS EXPRESS
COMPANY, Appellant.

Kansas City Court of Appeals, November 1, 1897.

1. **Common Carriers:** COMMON LAW PLEADING: NEGLIGENCE. Common law action against a carrier for failing to carry safely need only to allege general negligence; but if the pleader specify acts of negligence, he will be confined thereto in his evidence.

2. ———: FAILURE TO CARRY: DEMURRER TO EVIDENCE. The evidence in this case reviewed and held sufficient to carry the case to the jury who are the sole judges of the facts.

3. ———: ———: INSTRUCTION AS TO NEGLIGENCE. An instruction telling the jury the carrier should use all reasonable diligence for the safety and preservation of the hog shipped or otherwise it would be liable, is approved.

4. ———: DAMAGES: INSTRUCTION. Where an article lost in shipment has a market value, the measure of damages against the carrier for its loss is the value at the place of destination less the carriage. But where there is no market value, the value may be shown by proof of the facts affecting such question and by the opinions of witnesses properly informed. And where the testimony of such witnesses fails to state the place at which the values they mention obtain, it will be presumed they refer to the location where the loss occurred.

5. ———: ———: ———. An instruction set out in the opinion is held harmless, if error.

6. ———: ———: ———: INTEREST. A carrier is liable for interest from the day the shipped property should have been delivered, and an instruction confining the interest to the day of commencing suit, while wrong, can not be complained of by the carrier.

*Appeal from the Nodaway Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*Scarritt, Griffith & Jones* for appellant.

(1) The record in this case fails to disclose any negligence whatever on the part of appellant. It

is a mere conjecture and wild guess on the part of the jury to say that the death of this fat animal on a hot day closely crated and put in an express car after a three mile drive in the sun was caused by any act or omission of defendant's agent. *The Powhattan*, 12 Fed. Rep. 880; *Paddock v. R. R.*, 60 Mo. App. 340; *Smith v. R. R.*, 37 Mo. 295; *Moore v. R. R.*, 28 Mo. App. 622; *Schoenfeld v. R. R.*, 21 S. Rep. (La.) 592; *R. R. v. Teams*, 21 S. Rep. (Miss.) 706; *R. R. v. Bigger*, 6 S. Rep. (Miss.) 234. (2) There is no allegation of any specific act of negligence, or duty neglected, in plaintiff's petition; hence the petition fails to state a cause of action against the defendant. The allegation that defendant negligently caused the death of the hog in transit is a conclusion of law. *Gurley v. R. R.*, 93 Mo. 450; Bliss on Code Pleading [2 Ed.], sec. 211a; *Waldhier v. R. R.*, 71 Mo. 514; *Carpenter v. McDavitt*, 53 Mo. App. 400; *Jacquin v. R'y*, 57 Mo. App. 320; *Edens v. R. R.*, 72 Mo. 212; *Wills v. R. R.*, 44 Mo. App. 51; *Troth v. Norcross*, 111 Mo. 630. (3) The subject of this controversy being live freight, it was incumbent on plaintiff to prove negligence on part of defendant before he could recover. Hutchinson on Carriers, sec. 218, p. 166; *Crow v. R. R.*, 57 Mo. App. 135; *Hance v. Express Co.*, 48 Mo. App. 179; s. c., 66 Mo. App. 488; *The Powhattan*, 12 Fed. Rep. 880. (4) Instruction number 3 given for plaintiff erroneously states the measure of damages. *Gray v. Missouri River Packet Co.*, 64 Mo. 47; *Gray v. R. R.*, 54 Mo. App. 666; Hutchinson on Carriers, sec. 769; Hale on Bailments and Carriers, sec. 133, p. 557; *R. R. v. Arnold*, 40 S. W. Rep. (Tex.) 829; *R. R. v. DuShong*, 39 S. W. Rep. (Ark.) 260. It is further erroneous in that it directs the jury, without any known reason, to add interest from January 4, 1897. *State v. Hope*, 121 Mo. 34.

*E. A. Vinsonhaler* for respondents.

(1) No objection was made in the trial court to the sufficiency of the petition either by demurrer, objection to evidence or ·motion in arrest. It is in form the same as in the case of *Kellerman v. R. R.*, 68 Mo. App. 255, 136 Mo. 177, and is good. A general allegation of negligence is sufficient. *Sullivan v. R. R.*, 97 Mo. 113; *Schneider v. R. R.*, 75 Mo. 295; *Dickson v. R. R.*, 104 Mo. 491–502; *Dougherty v. R. R.*, 9 Mo. App. 478. (2) The instruction is good and is copied from *Hance v. Express Co.*, 66 Mo. App. 486–488. And both the first and second instructions for plaintiffs are sustained by the language of this court in the case. *Lowenstein & Thomas v. R'y*, 63 Mo. App. 68–75. (3) Here the burden of proof was placed upon plaintiff, although defendant is admitted to be common carrier and no special contract is shown which in any way limited, modified or changed the common law liability. Nevertheless we proved the hog in good condition, properly crated, with water in bottom of crate, three gallons of water according to Clark. This he managed to spill in some way and gave it no more, although his assistant, Easly, called attention to its need of water. Now if water was needed defendant was bound to give it. *Lowenstein v. R. R.*, 63 Mo. App. 68–75; *R. R. v. Thompson*, 71 Ill. 434; 3 Am. and Eng. Ency of Law, 16. We proved that the death of such a hog under the circumstances detailed was unusual. This was enough. *Hance v. Express Co.*, *supra;* Webb's Pollock on Torts, p. 550. (4) What is the difference between a live boar hog eighteen months old, and a dead one? The difference is certainly the "whole hog." The matter of interest is . trivial. Had they objected to it in the trial court

it would have been remitted there, and may be here. It amounts to only $4.70, the interest. This is not error. *Padley v. Catterlin*, 64 Mo. App. 629-648. Here interest was allowed from date of filing petition only.

SMITH, P. J.—This is an action to recover the value of a Poland-China boar. The petition alleged that the defendant "as such common carrier on the 12th day of October, 1896, received at its said office, in the city of Pawnee, aforesaid, one thoroughbred Poland-China boar hog in good condition; that in consideration of the regular rates to be paid defendant agreed to carry said hog to the city of Maryville, aforesaid. Plaintiffs state that the defendant failed to perform its duty as common carrier in the transportation of said hog; that said hog was not carried with due care to its said destination, but the defendant negligently and carelessly caused its death in transit and said animal was never delivered to these plaintiffs, but has been wholly lost to these plaintiffs through the negligence of defendant; that the said hog, the property of these plaintiffs, was worth one thousand dollars, for which, with costs of suit, they pray judgment."

PLEADINGS.

The answer admitted the receipt of the plaintiffs' hog for transportation and that such hog died while *in transitu*. The other allegations of the petition were denied.

There was a trial resulting in judgment for plaintiff and thereupon the defendant appealed.

I. The defendant's first insistence is that the plaintiffs' petition fails to state a cause of action in that "there is no allegation therein contained of any specific act of negligence or duty neglected."

The action being one at common law the plaintiff was not required to allege more than general negligence. An allegation specifying the act, the doing of which caused the injury, and alleging that it was negligently or carelessly done will suffice. *Ravenscraft v. R'y*, 27 Mo. App. 617; *Carpenter v. McDavitt*, 53 Mo. App. 393; *Mack v. R'y*, 77 Mo. 232; *Schneider v. R'y*, 75 Mo. 295; *Edens v. R'y*, 72 Mo. 213; *Sullivan v. R'y*, 97 Mo. 113; *LeMay v. R'y*, 105 Mo. 361; *Pope v. R'y*, 99 Mo. 400; *Shaw v. R'y*, 104 Mo. 648. Where the pleader sees fit to specify the acts of negligence he will be confined in his proofs within limits of his specifications. *Waldhier v. R'y*, 71 Mo. 514; *Schneider v. R'y*, 75 Mo. 296. In Hutchison on Carriers, section 34, it is said that the plaintiff need not allege the particular character or degree of the negligence upon which he relies for his recovery but the allegation of negligence generally will be sufficient. And this rule seems to have the sanction of other authorities. *McCauley v. Davidson*, 10 Minn. 418; *Nelson v. Mackintosh*, 1 Starke, 237; *Bailfe v. West*, 22 Eng. L. & E. 143; *Hutton v. Osborne*, 1 Sil. N. P. 420.

The plaintiffs' petition alleges the receipt of the hog for transportation and the failure to deliver the same at the point of destination; that said hog died while in transit through the negligence of the defendant. It is, as we think, sufficiently comprehensive in its allegations to meet the requirements of the rules just adverted to. And while it is somewhat lacking in artistic finish, nevertheless we think it will be found to embody all the essentials required by the approved common law precedents in such cases. And even though the petition alleges no particular act of negli-

gence it is sufficient after verdict. R. S., sec. 2113; *Dougherty v. R'y*, 9 Mo. App. 479.

II. The defendant further insists that the trial court erred in denying its demurrer to the evidence. The undisputed evidence is to the effect that the plaintiffs' hog was in good condition when received by the defendant. He was properly crated; the bottom of the crate was water-tight and in which was placed three gallons of water; it required three hours to reach the point of destination. The crate was placed in the forward end of the car, where the door could be opened only from two to three inches and was held by a chain from opening wider. The day was hot and the car had only proceeded a short distance when it was discovered that the water in the crate had escaped therefrom. Whether this was occasioned by some unusual motion of the car or how, it was not shown. Though the attention of defendant's messenger was called to the fact that the water had escaped from the crate and was greatly needed by the hog, he did not replace it as was doubtless his duty. *Lowenstein v. R'y*, 63 Mo. App. 68. The hog was very large and fat, weighing six hundred pounds. The door of the car could not be opened wider without moving the crate.

The rules of the defendant forbade the opening of the door wider than the chain permitted on pain of dismissal from its service, yet the defendant's messenger testified that he moved the six hundred pound crate and opened the door half way; that he tied it back and then propped it open with a block so that it could not close by six or eight inches. This testimony the jury may have thought unworthy of credence. They may have thought it quite improbable that he opened the door at the risk of being discharged, or

that he could or did move the six hundred pound crate to allow the door to swing wider open.

During the transit the hog became very uneasy and vicious and commenced to tear the crate to pieces. This continued about five minutes, at the expiration of which time he was found to be dead. It was proved by experienced shippers that it was their opinion from the manner in which it was testified the hog died that he had been smothered. These facts and circumstances tended to prove that the hog, while being handled by defendant, had been improperly and negligently deprived of the necessary air and water, in consequence of which he perished. This was sufficient to cast the burden on defendant to show diligence in the transportation. The plaintiff thus established his *prima facie* case entitling him to a submission to the jury. *Hance v. Express Co.*, 66 Mo. App. 486; *Hance v. Express Co.*, 48 Mo. App. 179. Whether the defendant's evidence was sufficient to rebut and overcome the plaintiffs' *prima facie* case was a question solely for the jury.

It can not therefore be said that there was no evidence to carry the case to the jury.

III. The defendant complains of the action of the court in giving the plaintiffs' first instruction, which *inter alia* told the jury that if the defendant failed to exercise all reasonable diligence and care ——: ——: in- struction as to for the safety and preservation of the hog negligence. in consequence of which he died the verdict should be for plaintiff. This is an exact duplicate of an instruction that was approved in the similar case of *Hance v. Express Co.*, *supra*, and when read in connection with the defendant's first and third which declared that the defendant was only required, while transporting plaintiffs' hog, to exercise such care and prudence as would be exercised by a careful and prudent man in the handling and treatment of the hog had it been

his own, will be found to indicate with sufficient clearness the measure of care and prudence required by law of the defendant in transporting the plaintiffs' hog.

The defendant further complains that the court erred in declaring by the plaintiffs' third instruction which, in substance, told the jury that if they found for the plaintiff to assess his damages at such an amount as would be a fair and reasonable value of the hog, taking into consideration his quality, stock and purpose for which he was used, or intended to be used; but they should not consider, in finding his value, mere matter of fancy stock; that is to say, the value should be such an amount as a breeder of hogs desiring to purchase such an animal would be willing to pay, to which they should add interest at six per cent from January 4, 1897, the date of the commencement of this suit.

——: damages:. instruction.

The contract price of the hog was $500. Hogs like the one in question are not bought and sold in the ordinary course of trade and are not known in the market. The plaintiffs' hog therefore could have no market value. But a market value as signifying a price established by sales in the ordinary course of business is not necessary to a judicial valuation. The consideration of a market value only affects the mode of proving the amount of the loss and the elements by which it is to be ascertained. When there is a market value the measure of damages for which a carrier is liable for the loss of property entrusted to him for carriage is its value at the place of destination, less the usual or agreed charge for carriage. But where, as here, the property lost has no market value at the place of destination or elsewhere, the rule can not apply. The rule in such cases as this, i. e., where the property is without market value, is that the proof of value is generally by the judgment and opinion of witnesses.

The value of such property may be shown by proof of such elements or facts affecting the question as may exist. Opinions of witnesses properly informed on the subject may be given in respect to its value. Rice on Evidence, sec. 552, and authorities there cited; Sutherland on Damages, sec. 446; Gillett's Ind. and Col. Evidence, sec. 212.

The hog, as already stated, was of the breed known as Poland-China. He had been awarded the highest prize at the agricultural fairs of several states on account of his excellent form and breeding. One of the witnesses, an experienced breeder, testified that he considered the plaintiffs' hog "one of the best. he had ever seen, and that he was of fine finish, thick back and stout legs." Experienced breeders of Poland-China hogs who were acquainted with plaintiffs' hog testified to his value. These witnesses resided in the states of Missouri and Nebraska, and no doubt, when they spoke of the value of such hogs as that of plaintiff they meant in the states where they resided. It must be presumed they referred to the values there in the absence of a statement to the contrary. The proof of value was the same at the place of shipment and destination and was the only kind of which the nature of the case was susceptible.

The general rule is that the value is assessed at the time and place where the owner is deprived of the property. Interest is usually added as compensation for delay in payment. Hale on Damages, 185. As to the question of interest it is sufficient to say that under the rulings of the appellate courts of this state the measure of damages in cases of this kind is the value of the property with interest from the day they should have been delivered. *Gray v. Packet Co.*, 64 Mo. 47; *Dunn v. R'y*, 68 Mo. 268; *Padley v. Catterlin*, 64 Mo. App. 629. The instruction

is therefore erroneous in authorizing interest from the date of the commencement of the suit instead of from the date the hog should have been delivered at the place of destination.   But this error was in favor of the defendant and against plaintiff, and

$$\overline{\phantom{xx}: \overline{\phantom{xx}}: \overline{\phantom{x}}:}$$
interest.

it therefore afforded defendant no just ground for complaint.   It seems to us that the instructions, when viewed in their entirety, fully submitted to the consideration of the jury every issue made by the pleadings.

The judgment we think ought to be affirmed and it is accordingly so ordered.   All concur.