S. E. CASH, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, May 29, 1899.

1. **Common Carriers**: PLEADING: EVIDENCE: VARIANCE. A petition to recover damages for a violation of a contract of affreightment to carry safely alleged that the shipment was from Kansas City to Indianapolis when in fact the contract was from Kansas City to St. Louis; and the evidence showed that the alleged injuries occurred between Kansas City and St. Louis. Held, the variance was immaterial.

2. ———: LIVE STOCK: CARRIER AND LIABILITY: VICES OF ANIMALS: CIR-
CUMSTANTIAL EVIDENCE.   The duties and responsibilities of a carrier
of live animals are precisely those of a common carrier with respect
to other property except that they are not insurers against losses and
injuries resulting from the inherent natures, propensities and habits
of the animals themselves.   And while the burden is on the con-
signor to show that the alleged injuries are not the result of such
vices of the animals shipped, he is not required to make such show-
ing by positive evidence but may make a *prima facie* case by the cir-
cumstances attending the shipment and the injury.

3. ———: ———: INSTRUCTIONS.   The instructions in this case are con-
sidered as complying with the principles announced in the preced-
ing syllabi.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

(1)   Upon the undisputed facts in this case the verdict
should have been for the defendant.   (a) Because the injury
sued for resulted from the vitality of the animals transported.
Hutchinson on Carriers [2 Ed.], sec. 218, p. 238, and cases
cited; Ray on Freight Carriers, p. 254, and cases cited; Hussey
v. Suragossa, 3 Woods 380; Hance v. Express Co., 48 Mo.
App. 183; The Powhattan, 12 Fed. Rep. 886.   (b)   Because
the defendant was not responsible in this cause for any injury
received between St. Louis and Indianapolis.   Coates v. Ex-
press Co., 45 Mo. 238; Snider v. Express Co., 63 Mo. 376;
Dimmitt v. Railroad, 103 Mo. 433; Nines v. Railroad, 107
Mo. 475; McCann v. Eddy, 133 Mo. 59.   (2)   The court
gave erroneous instructions at the plaintiff's request and of its
own motion.   Authorities cited, *supra*.

BROWN, HADLEY & SWIFT for respondent.

(1)   Evidence of plaintiff as admitted by court was com-
petent.   R. S. 1889, sec. 2100; Noble v. Blount, 77 Mo. 235;

Brandon v. Carter, 119 Mo. 572; Fox v. Windes, 127 Mo. 502. (a) Defendant can not for first time raise objection of variance or failure of proof in appellate court. Bank v. Westlake, 21 Mo. App. 565; Mellor v. Railway, 105 Mo. 455; Liddell v. Fisher, 48 Mo. App. 449; Clements v. Maloney, 55 Mo. 352. (b) To constitute failure of proof it is necessary that the allegations of the petition shall be unproved in their entire scope and meaning. R. S. 1889, sec. 2239; Werner v. Railroad, 81 Mo. 368; Leslie v. Railroad, 88 Mo. 50; Fruin v. Furniture Co., 20 Mo. App. 313. (2) The verdict was for the right party. (a) Because the jury found the injuries resulted from the negligence of the defendant. Hance v. Express Co., 48 Mo. App. 183; 66 Mo. App. 486; Crow v Railroad, 57 Mo. App. 139. (b) Negligence, although it must be shown by plaintiff, can be shown by circumstances and inference. Hance v. Express Co., 48 Mo. App. 183; Crow v. Railroad, 57 Mo. App. 139; Witting v. Railroad, 101 Mo. 631. (3) The verdict is for the right party and should be affirmed. Calberger v. White, 117 Mo. 347; Fitzgerald v. Barker, 96 Mo. 661; Bushey v. Glenn, 107 Mo. 331; Greer v. Bank, 128 Mo. 559; Brobst v. Brock, 10 Wall. 519.

GILL, J.—Defendant has appealed from a judgment of $452 which plaintiff recovered against it for damages done to a carload of horses shipped over said Wabash road in April, 1897, and which were consigned from Kansas City to Indianapolis, there to be sold on the market. Defendant, however, by the contract of shipment, undertook only to carry the horses to St. Louis whence they were to be forwarded by another line to Indianapolis.

The evidence shows that the horses were loaded at the Kansas City stock yards late in the afternoon of April 20 and arrived at the yards at St. Louis the following morning. According to the undisputed evidence the horses were in good condition when they left Kansas City; but, according to plaintiff's evidence, when they were unloaded at St. Louis the next.

morning nineteen of the twenty were found more or less injured—some badly, others slightly. After being fed and watered the horses were again loaded into a car of another road and were forwarded to Indianapolis the same day. Shortly after their arrival at the latter place two of the horses died because of the injuries received on defendant's road and the evidence tends to prove that the remaining were so injured that plaintiff was compelled to sell them at reduced prices.

I. We fail to discover wherein defendant could have been harmed by the alleged variance between the allegations of plaintiff's petition and the proof offered in support thereof. It is true that the petition charges that defendant agreed to carry the horses from Kansas City to Indianapolis, whereas the written contract shows that defendant merely undertook to transport the stock from Kansas City to St. Louis and there deliver it to a connecting line. But in this particular case this was an immaterial variance, since under the further allegations of the petition it clearly appears that plaintiff sought only to hold defendant for damages done to the horses while carried from Kansas City to St. Louis. Following the allegation above mentioned, the petition uses this language: "But plaintiff says that defendant, in violation of its agreement, and while said horses were in its possession and being transported over its lines of railway between Kansas City, Missouri, and St. Louis, Missouri, and in total disregard of its duty as a common carrier, so carelessly and negligently conducted itself in the premises that said horses were greatly injured, two of them dying from said injuries, and the balance were received in St. Louis in a greatly damaged condition, being skinned, bruised and crippled." So that whether the contract of carriage was for the entire distance to Indianapolis or was only to St. Louis, defendant's duties were the same in relation to hauling and handling the stock between Kansas City and St. Louis. The defendant was by the petition clearly

*COMMON carriers: pleading: evidence: variance.*

Cash v. Wabash R. R. Co.

advised that it was charged with negligence in the manner of carrying the horses only as between the two cities last mentioned. The purposes of a pleading is to inform the opposite party of the particular nature and extent of the complaint. There could be no misunderstanding in this case. The objection urged is groundless.

As to the merits, the objections relate to the sufficiency of the evidence to sustain the verdict as also to the propriety of the court's instructions. In the late work of Ray on Freight Carriers, page 253, the law relating to the carriage of live stock is thus collated: "The duties and responsibilities of railway companies as shippers of live animals are precisely those of a common carrier with respect to other property committed to its care for transportation, except that they are not insurers against losses and injuries resulting from the inherent nature, propensities, or habits of the animals themselves. A carrier of live stock is not an insurer against injuries unavoidably resulting from the inherent nature or propensities of the animals. * * * It is not an insurer of live stock, but must provide suitable means for its conveyance, and use all reasonable diligence and fore-thought in the varying circumstances arising in the business. They incur the responsibilites of common carriers as to such freight; but at the same time, where an injury has happened to them it is competent for the carrier to show that it occurred through the proper vice of the animal, and not from any negligence on his part. * * * While common carriers are insurers of inanimate goods against loss and damage, except such as is inevitable or caused by public enemies, they are not insurers of animals against injuries arising from their nature and propensities, and which could not be prevented by foresight, vigilance and care. In the transportation of live stock, in the absence of negligence, the carrier is relieved

*—: live stock: carrier and liability: vices of animals: circumstantial evidence.*

from responsibility for such injuries as occur from or in consequence of the vitality of the freight." See, also, Hutchinson on Carriers, sec. 221.

If then plaintiff's horses were injured in the transportation from Kansas City to St. Louis by reason of their own vices or vitality and not through the negligent operation of the car or train wherein they were hauled, then defendant can not be held responsible. But if on the other hand the injuries were not self-inflicted by the animals, did not come from the exercise of their own vices, but resulted from the careless or unskillful handling of the car or train, then the defendant should answer for the damages. Defendant's counsel contends that plaintiff failed to introduce proof of this last hypothesis. It is insisted that evidence showing merely that the horses were loaded at Kansas City in good order and perfect physical condition, and that on arrival at St. Louis they were found to be in a bad, crippled condition, was not sufficient to warrant a submission of the case to the jury.

This contention is based on the generally correct proposition, that "where the injury is one to dead freight, the mere proof of receipt in good condition and delivery in a damaged condition fixes *prima facie* the carrier's liability; but where it is live freight the shipper must in the first instance go further, and must show an injury by human agency, causing, or concurring to cause, the loss or damage complained of." Judge Rombauer in Hance v. Express Co., 48 Mo. App. 179. But the same learned judge proceeds to state, that "it does not follow that such injury must be shown by direct evidence to have resulted from the carrier's negligence before the carrier is called upon to show due diligence. The case stands like any other case of exception, and proof of negligence may be made by circumstances. In case of breakage, where that forms an exception, goods may be broken to such an extent, while in transit, as to make their appearance at the terminus of the transit evidence tending to prove the carrier's negligence. Witting v. Railroad, 101 Mo. 631."

And now, as in the Hance case, so in this, the physical injuries inflicted and shown on the animals when they arrived at St. Louis were of such a character as to justify the inference that the stock was maimed, bruised and crippled, not by action of their own vitality or vicious propensities, but were damaged by the careless or unskillful management of the car or train. The jury had the right to consider the circumstances and draw therefrom any reasonable inference consistent therewith. And in the light of these patent facts the jury found that the horses were injured by the negligent operation of the train.   In addition to the nature of the wounds, broken bones, eyes destroyed, bruises and scratches disclosed when the horses came into St. Louis (only one escaping damage), plaintiff's evidence tended to prove that the animals were kind, gentle, accustomed to stand together and had before been transported in the same car.   It was therefore unreasonable that in this one night's confinement in the car in question these horses, of their own accord, should have inflicted on each other the many and serious injuries detailed in the evidence.   It is true that the trainmen testified that no collision, wreckage, unusual or extraordinary jerking or rough handling of the train occurred during the trip.   But the duty of settling these conflicts in the evidence, of determining the weight to be given the testimony of witnesses in so far as it stood opposed to the reasonable inferences drawn from the physical facts, rested with the jury and not with this court.   We think there was abundant evidence to entitle the plaintiff to go to the jury on the question of defendant's negligence.

The criticism on instructions given by the court is wholly unmerited.   They are consistent with the law hereinbefore stated.   They do not, as charged by defendant's counsel, declare defendant liable as an insurer against injuries inflicted by the animals themselves; nor did the court authorize the jury to give damages for injuries resulting to the horses for the entire

———: ——: instructions.

carriage between St. Louis and Indianapolis. On the other hand the damages were limited to that received by the horses while being transported over defendant's own line from Kansas City to St. Louis.

The case was in all respects fairly tried, was submitted to the jury on abundant evidence and proper instructions, and the judgment must be affirmed. All concur.