LAIL & HULL, Respondents, v. PACIFIC EXPRESS COMPANY, Appellant.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Trial Practice:** INSTRUCTION. Where an instruction contains some correct and some incorrect principles of law, the trial court is justified in rejecting the instruction as a whole.

2. **Appellate Practice:** TRIAL ON CORRECT PRINCIPLES: VERDICT. Where the case in its entirety is presented to the jury, the verdict is binding on the appellate court.

3. **Courts of Appeals:** JURISDICTION: FEDERAL STATUTE. Jurisdiction of courts of appeals is denied only where the validity of an act of congress is drawn in question and not where its construction is an issue.

Appeal from the Cooper Circuit Court.—*Hon. D. W. Shackleford*, Judge.

AFFIRMED.

*I. N. Watson* for appellant.

(1) "When the damage to the thing shipped is apparently the result of its inherent nature or inherent defects, the shipper must show something more than its damaged condition before the carrier can be called on to explain. He must show something to the thing shipped which can not be the result of its inherent nature or defects, before the burden is cast upon the carrier to show that he is not in fault." Mynard v. Railway, 71 N. Y. 187, 188; Cragin v. Railway, 51 N. Y. 61; Hussey v. The Saragossa, 3 Woods C. C. 380; Penn v. Railway, 49 N. Y. 204; Hance v. Express Co., 48 Mo. App. 179. (2) The measure of damages is the market value of goods or property at the point of delivery, with interest from the day they should have been delivered, less the freight if unpaid. Atkisson v. Steamboat, 28 Mo. 124; Gray v. Packet Co., 64 Mo. 50, and cases cited; Railway v. Estill, 147 U. S. 591-623. (3) The instructions given on behalf of plaintiffs proceed upon the theory that the carrier in inter-state shipments is governed by the common law of this state. This is erroneous, because state laws do not apply to inter-state commerce. Stanley v. Railway, 100 Mo. 435. (4) There is no national common law in this country. Swift v. Railroad, 58 Fed. Rep. 858; s. c., 64 Fed. Rep. 59; Smith v. Alabama, 124 U. S. 465; Gatton v. Railway, 28 L. R. A. 556.

*Leslie Orear* and *John Cosgrove* for respondent.

(1) The appellant's motion to transfer this cause to the supreme court should be overruled because there is no federal

question involved in the decision of this cause. Express Co. v. Express Co., 88 Fed. Rep. 659; In re Express Co., 1 Inter-State Commerce Com. Rep. 349; U. S. v. Morsman, 42 Fed. Rep. 448. (2) Plaintiffs instructions were modeled on those approved by this court in like cases, and particularly on those given in the case of Lachner v. Express Co., 72 Mo. App. 13. This case is exactly like that and the instructions given by the court at the request of plaintiffs were properly given and are abundantly supported by the evidence. Hance v. Express Co., 66 Mo. App. 486; s. c., 48 Mo. App. 179; Doan v. Railroad, 38 Mo. App. 408; Hutchinson on Carriers, sec. 322. (3) It would have been manifestly erroneous to give the instruction in the form asked for by appellants. Dempsey v. Reinsedler, 22 Mo. App. 43; Jones v. Packet Co., 43 Mo. App. 398; Crawshaw v. Sumner, 56 Mo. App. 517; Deering v. Collins, 38 Mo. App. 80; Cooper v. Johnson, 81 Mo. 483; Tyler v. Hall, 106 Mo. 313; Diel v. Stegner, 56 Mo. App. 535; Barry v. Railroad, 98 Mo. 62.

ELLISON, J.—This action is for the value of a Poland-China boar hog of extraordinary breeding and value. The plaintiff recovered $1,341 and defendant appeals.

It appears that plaintiff delivered the hog to the United States Express Company at Marshall for shipment to Des Moines, Iowa. That such express company transported it to Kansas City and there delivered it to the defendant company to complete the shipment to destination. That while in charge of the latter company and while *en route* the hog died, having been, as plaintiff charges, suffocated through the negligence of defendant in not affording it the proper care, etc., and in placing it in an improperly ventilated car, the weather being very warm. The animal was shipped in a crate about five and one-half feet long by two and one-half feet wide. The plaintiff put a large piece of ice in a sack and placed it in the crate near the animal's head. In this the defendant charged

Lail & Hull v. Pac. Ex. Co.

contributory negligence. On the question made as to the sufficiency of the evidence to sustain the verdict, we need only say, without going into detail, that there was ample upon which to base the verdict.

Complaint is made as to the instructions given for plaintiff. They are such as were given in the cases of Lachner v. Express Co., 72 Mo. App. 13, and Hance v. Express Co., 66 Mo. App. 486; s. c., 48 Mo. App. 179. A reference to those cases will disclose that the trial court followed the lines there laid down in passing on the instructions here.

Complaint is made of the refusal to give an instruction for defendant which embodied a lengthy statement of the legal rules defendant deemed applicable to the case. Some of these were correct and some not. The court therefore was justified in rejecting the instruction as a whole.

The case as an entirety was fully presented to the jury on the instructions given for the respective parties, and however much defendant may feel that it was not liable for the death of the hog, yet the triers of the facts have decided otherwise and the result is binding on us.

Defendant filed a motion to transfer the cause to the supreme court on the ground that it "involves the construction of the inter-state commerce act." No such question has been anywhere raised in the record and hence has no place in the case, as has been frequently decided by the supreme court, and the motion should be overruled.

Besides, the constitution of the state in prescribing jurisdiction of the supreme court and courts of appeals does not deny jurisdiction to the latter where the construction of an act of congress is involved. It only denies jurisdiction where the "validity" of such act "is drawn in question."

The judgment will therefore be affirmed. All concur.