## KEYES-MARSHALL BROTHERS LIVERY COMPANY, Respondent, v. ST. LOUIS & HANNIBAL RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, March 29, 1904.

1. **EXPERT TESTIMONY: Inferences From the Evidence.** It is improper to ask an expert witness to give his opinion basing it upon evidence he has heard introduced.

2. ———: ———: **Jury Must Weigh Oral Testimony.** Nor is such expert evidence harmless error on the ground that the testimony on which it is based is undisputed, where such evidence is oral; under the practice now prevailing all testimony, not documentary, upon issues joined, must be submitted to the jury.

3. **COMMON CARRIERS: Prima Facie Case: Animals.** In an action against a common carrier for damages to horses shipped, the evidence showed the horses were received by the defendant in good condition, that in the course of transportation the car containing them was overturned, that when rescued from the car they bore marks of accident and subsequently they were shown to be unserviceable and one of them died within a month, a prima facie case was made out for the jury.

Appeal from Audrain Circuit Court.—*Hon. H. W. Johnson,* Judge.

REVERSED AND REMANDED.

*Geo. A. Mahan* and *J. D. Hostetter* for appellant.

(1) The court erred in permitting the alleged expert, E. B. Shaw, to give his opinion as to what was the trouble with the horses, basing it upon the evidence

in the case. This was in effect usurping the province of the jury, and also involved the process of allowing the expert to pass upon the disputed points of the testimony, and to arrive at a conclusion from a consideration of disputed facts. An expert can not be permitted to give his opinion on the whole case or "from the evidence in the case" as that would necessarily include a determination of the facts and would invade the province of the jury. Lawson on Expert & Opinion Ev. (2 Ed.), 172; State v. Palmer, 161 Mo. 174; Tuizley v. Cowgill, 48 Mo. 298; Page v. New York, 10 N. Y. Supp. 826; Connelly v. Railway, 60 Hun 495, 15 N. Y. Supp. 176; Fairchild v. Bascomb, 35 Vt. 398; Graney v. Railway, 157 Mo. 682. (2) An expert should not be asked questions which require him to draw inferences or conclusions of fact from the testimony, or to pass on the credibility of the witnesses or to decide as to the weight of the evidence, or to reconcile conflicting evidence. Rogers' on Expert Testimony, 61: "The proper method, therefore, of obtaining the opinion of the expert upon the facts brought out at the trial, and which he has heard, is to state the evidence to him and ask him his opinion upon such hypothetical case, and not to ask him what his opinion is upon the evidence as he has heard it." McGuire v. Railroad, 51 N. Y. S. 1075; Key v. Thompson, 2 Hannay (N. B.) 224; Briggs v. Railway, 52 Minn. 36, 53 N. W. 1019. (3) The evidence does not show a legitimate inference that the condition of these horses resulted from the wreck. At most it is a bare conjecture, hence defendant is not liable and its instruction No. 1 should have been given. Plaintiff can not recover and the judgment should be reversed. Smart v. Kansas City, 91 Mo. App. 586; Smillie v. St. Bernard Dollar Store, 47 Mo. App. 406; Smith v. First Nat. Bank, 99 Mass. 612; Searles v. Railroad, 101 N. Y. 661; Cotton v. Wood, 8 C. B. (N. S.) 568. When the state of the evidence is such as to

leave the result of the accident to be determined only by conjecture or surmise, the plaintiff must fail.   Bond. v. Smith, 113 N. Y. 378; Pauley v. Steam Co., 131 N. Y. 90; Linkhouf v. Lombard, 137 N. Y. 417.

*P. H. Cullen* and *Tapley & Fitzgerrell* for respondent.

(1)   The manner of the examination of Dr. E. B. Shaw, if error, was harmless, as there was no conflict in the testimony.   State v. Prewitt, 175 Mo. 228; State v. Palmer, 161 Mo. 174.   (2)   The appellant can not complain of the error if any in the examination of Dr. E. B. Shaw, as its counsel by the questions asked on cross-examination adopted the error, if any, of respond-ent.   Goss v. Railroad, 50 Mo. App. 623.   (3)   If there had been a sharp conflict in the evidence as to the cause of the damages to the team of horses and appellant had not adopted the error if any, in its cross-examination of witness E. B. Shaw, there might have been some contention as to its objection to the questions asked the expert, but under the evidence adduced at the trial, it was not error.   (4)   However, said instruction was properly refused.   There was ample testimony to submit the cause to the jury.   Doan v. Railroad, 38 Mo. App. 408; Home v. Express Co., 48 Mo. App. 179; Same v. Same, 66 Mo. App. 486; Cash v. Railroad, 81 Mo. App. 109; Davis v. Railroad, 89 Mo. App. 140; Pacific Express Co. v. Emerson, 74 S. W. 132; Peay on Freight Carriers, 253.

## STATEMENT.

Towards end of September, 1902, in Bowling Green, Mo., the plaintiff purchased a pair of horses for the price of six hundred dollars; at time of their purchase the animals were gentle and well broke, they had been driven in single and double harness by their

former owners and by members of their families. When shipped to the purchaser, consigned to St. Louis over defendant's railroad, the horses were started in good condition, newly shod, their legs bandaged and they were tied separately at opposite ends of the car in proper condition for safe transportation. On the journey, within four miles of the town of Gilmore, while the train was running at a speed estimated at fifteen or twenty miles per hour, the car containing them was derailed, thrown down an embankment, and overturned, requiring the animals to be extricated through the roof, sawed open for that purpose. They were then led to Gilmore, and placed in a livery stable till the following afternoon, when they were reshipped and delivered to respondent at St. Louis. When removed from the wreck, their shoes were off, the bandages torn and down, and the animals scratched and bruised; upon arrival in St. Louis they were well cared for, blanketed and turned into box stalls, where they were permitted to remain without use for several days. After unavailing effort to drive them, they were returned to the stable, and after further interval of disuse, when taken out both were nervous and susceptible to fright at slight causes; one, the near horse of the team, was found distressed, unable to extend himself and could be driven but a short distance, and within a month dropped dead when about to be put in harness; the off horse was returned by boat to the firm which sold him at Bowling Green, and showed such disposition to run away that after trial he was sold without guaranty for $112.50 at auction. In developing the proof for respondent, a veterinary expert was permitted to give his opinion, basing it upon the evidence he had heard introduced, as to what was the trouble with the team, and to state the condition of the horses was attributable to the result of the casualty they had experienced in transit.

REYBURN, J. (after stating the facts as above.) —1. The toleration of the mere expressions of opinions of skilled witnesses as lawful proof is a conspicuous exception to the fundamental law of evidence that the triers of controversies should form their conclusions from facts detailed by witnesses, and not from mere opinion of any witness, and the admission of this class of testimony should be guarded rigidly within its proper limits, and the conditions established by law under which such testimony is made admissible should be scrupulously regarded. In the employment of such proof, the rule is well settled that such witnesses should not be permitted to assume the province or duties of the triers of fact by expression of individual opinions upon the issues of fact on trial. As expressed by one writer upon the subject of expert testimony, an expert should not be interrogated in such manner as to cover the very question to be submitted to the jury (Rogers, p. 61): or as fancifully described in a case cited by such author, "A question should not be so framed as to permit the witness to roam through the evidence for himself, and gather the facts as he may consider them to be proved, and then state his conclusions concerning them." Dolz v. Morris, 17 N. Y. Sup. Court (10 Hun) 202. Another, a criminal case, sets forth the doctrine thus: "The superior knowledge of the expert is frequently required in the conduct of judicial examination of subjects beyond the reach of common observation. But this evidence has its restrictions, and must never be allowed to invade the rightful and exclusive province of the jury in drawing their own conclusions from the testimony of the credibility of which they alone must judge. It is their duty to hear and pass upon the evidence and the expert's opinion is admitted only to aid in performing that duty. It is obviously improper for any one, expert or non-expert,

to express an opinion, warranted only by assuming the truthfulness and accuracy of what witnesses have testified. Such evidence is competent, only when founded on facts within the personal knowledge and observation of the expert, or upon the hypothesis of the finding of the jury.'' State v. Bowman, 78 N. C. 509.

In this State, in criminal and civil proceedings alike, this view has been adopted. State v. Palmer, 161 Mo. 152; Tingley v. Cowgill, 48 Mo. 291; Graney v. Railway, 157 Mo. 666. And authorities from other jurisdictions abound, additional to those quoted above, exhibiting varied situations and facts. Lawson Expert and Opinion Evidence, p. 173; Connelly v. Manhattan Railway Co., N. Y. Sup. 176; Briggs v. Railroad, 52 Minn. 36; Page v. Mayor, etc. 10 N. Y. Sup. 826; Fairchild v. Bascom, 35 Vt. 399; McGuire v. Railroad, 51 N. Y. Sup. 1075.

Nor is the answer of the respondent satisfactory, that as there was no conflict in the testimony, the error, if any, was harmless; under the practice now prevailing all testimony, not of a doctumentary character, where issues are joined, must be submitted to the jury, and while in the case cited and relied upon, the court under the peculiar circumstances presented, held that any error in permitting the medical expert to express an opinion as to the mental condition of the accused at the time of the homicide based on the evidence as he heard it, and as it was stated to him was not fatal, yet the court further declared the better practice to be, where the facts are controverted to address to. the expert hypothetical questions, based upon the facts claimed to have been proven by the evidence, so that the jury might know the facts on which the expert's judgment was founded, and thus determine independently, as in its province, whether such facts were proven or not; otherwise the expert must depend on

his memory and predicate his opinion on his recollection of the facts, thus becoming himself trier of the facts in the place of the jury.    State v. Privitt, 175 Mo. 207.    The method of examination of the expert was in violation of the above well-founded rule, and can not be sanctioned.

2.    The liability of a railroad corporation, as shipper of animate freight, is the same as that of a common carrier respecting other classes of property received for transportation, excepting as to injuries resulting from the natural and inherent propensities of the animals themselves.    Hutchinson, Carriers (3 Ed.), sec. 222; Ray, Negligence of Imposed Duties, p. 253.    Under the proof made to the effect that the horses forming the team were in good physical and serviceable condition when tendered to and received by defendant for shipment, that in course of transportation a casualty ensued, by which the car containing them was overturned and thrown down an embankment, that when rescued from the reversed car they bore marks of the accident through which they had passed, and subsequently they were, and continued in unserviceable shape, timid, unmanageable, difficult to handle and consequently reduced in value, manifestly established a *prima facie* case properly for the jury.    Pacific Express Co. v. Emerson, 101 Mo. App. 62 (74 S. W. 32); Hance v. Express Co., 66 Mo. App. 486; Cash v. Railroad, 81 Mo. App. 109.

The judgment is reversed and the cause remanded. *Bland, P. J.*, and *Goode, J.*, concur.