## D. M. GRIFFIN, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, December 4, 1905, and January 8, 1906.**

1. **COMMON CARRIERS: Negligence: Contract.** A common carrier cannot contract against its own negligence; and a stipulation that the shipper shall accept as full compensation for all loss and damage for delay, the amount expended in food and water for his stock does not cover the question of negligence.

2. **———: ———: Delay: Evidence: Live Stock.** In order to hold a carrier for injury to live stock it must be shown that human agencies concurred in the injury which may be shown by circumstantial evidence, such as that the damage or loss was unusual under the circumstances.

3. **———: Banks and Banking: Statute: Parties.** Where a contract is made by a shipper in the name of a bank for the purpose of securing it for advances, the statute prohibiting a bank from employing its money directly in trade or commerce or buying and selling chattels does not apply and the bank can assign its right of action to the shipper who may maintain the action in his own name.

4. **———: Contract: Special Rate: Interstate Commerce: Evidence.** A railroad engaged in interstate commerce must file its schedule of rates with the Federal commission and the best evidence of such filing after the schedule itself, is a certified copy from the commission.

5. **———: ———: ———: ———: ———.** The interstate commerce law requires shippers to keep two copies of its schedule posted in its depot for public inspection; and the fact that after such posting the schedules had been torn down does not excuse the carrier; and on the evidence in the record the question whether such schedule had been posted was for the jury, whose finding is conclusive.

6. **APPELLATE PRACTICE: Reply: Abstract.** Where respondent's undenied abstract shows a reply was filed it is assumed to be correct.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The bank is not entitled to either have or maintain this action, and therefore could not assign any right of action arising out of this transaction to the plaintiff. This point is properly raised by this record. For this reason the court below should have directed a verdict in favor of the defendant. R. S. 1899, sec. 1291; Commission Co. v. Railway, 64 Mo. App. 590; Ullman v. Fair Ass'n, 167 Mo. 273. (2) The burden of proving negligence in this case was upon the plaintiff. The court below so instructed the jury, and from this ruling plaintiff perfected no appeal. It is, therefore, *stare decisis.* If the question was an open one there would be no doubt of the correctness of that instruction. Sturgeon v. Railway, 65 Mo. 569; Davis v. Railway, 89 Mo. 340; Witting v. Railway, 101 Mo. 631. (3) There was no proof of any negligence in the management of defendant's train. It met with no accident en route. The delay was the result of the proper performance by the defendant, of a public service, and therefore, could not have been a negligent act on its part. (4) The contract was also amply supported by the lowest one of many rates then in force, and was, therefore, valid. The burden of proof was upon plaintiff on this issue, even if it had been tendered, as it was not, by the pleadings in this action, and such burden was not met by any proof in this record. Bowring v. Railway, 77 Mo. App. 253. (5) The contract of shipment was set forth in full in defendant's answer, and was specifically pleaded also, as new matter, as a defense. No reply was filed. The plaintiff, therefore, was precluded from attacking the validity of that agreement. R. S. 1899, sec. 608; Cordner v. Roberts, 58 Mo. App. 440; R. S. 1899, sec. 746.

*John T. Barker* for respondent.

(1) In Missouri, a person for whose benefit an express promise or contract is made, may maintain an ac-

tion upon it in his own name and a recovery by him is a bar to a recovery by another. R. S. 1899, sec. 541; Crone v. Stinde, 156 Mo. 262; Sawyer v. Railroad, 156 Mo. 468; Ellis v. Harrison, 104 Mo. 270; Devers v. Howard, 144 Mo. 671; Summers v. Railroad, 144 Mo. App. 452. (2) Appellant cannot now, for the first time, question respondent's right to maintain this suit. By not taking advantage of this by demurrer or answer, it is waived. City of Bevier v. Watson, 87 S. W. 612; Roman v. Trading Co., 87 Mo. App. 186; Gregory v. Mc-Cormick, 120 Mo. 653; Dodson v. Lomax, 113 Mo. 555; Jones v. Railroad, 89 Mo. App. 663; Smelter Co. v. Assurance Co., 71 Mo. App. 658. (3) Negligence may be proven by circumstances sufficient to raise a fair inference, and it is not the law that direct and positive and specific acts of negligence must be proven. Minter v. Railroad, 82 Mo. App. 132; Lachner Bros. v. Express Co., 72 Mo. App. 13; Witting v. Railroad, 101 Mo. 631; Bowring v. Railroad, 90 Mo. App. 324; Cash v. Railroad, 81 Mo. App. 109; Hance v. Express Co., 66 Mo. App. 486; Crow v. Railroad, 57 Mo. App. 135. (4) When there is extraordinary and unusually large death loss in the shipment of live stock, then it is reasonable to infer that such loss was caused by acts constituting negligence on the part of the carrier. Hance v. Express Co., 48 Mo. App. 179; Hance v. Express Co., 66 Mo. App. 486; Cash v. Railroad, 81 Mo. App. 109; Lachner Bros. v. Express Co., 72 Mo. App. 13; Minter v. Railroad, 82 Mo. App. 130. (5) Even though no reply had been filed, defendant tried the case as though it was filed, thereby waiving the filing of same. Holke v. Herman, 87 Mo. App. 125; Nelson v. Wallace, 48 Mo. App. 193. (6) No rule of law is better settled in this State, that while a carrier may limit its common law liabilities, yet it cannot exempt itself from its own negligence. Ward v. Railroad, 158 Mo. 234; Bowring v. Railroad, 90 Mo. App. 324; Mc-Fadden v. Railroad, 92 Mo. 343; Conover v. Express Co., 40 Mo. App. 31; Richardson v. Railroad, 149 Mo. 311;

Davis v. Railroad, 89 Mo. 340; Clark v. Railroad, 64 Mo. 440; George v. Railroad, 57 Mo. App. 358.

BROADDUS, P. J.—The plaintiff sues upon a contract for a shipment entered into by the defendant with the Bank of La Plata, Missouri, to carry and deliver seventy-nine head of hogs from La Plata, Missouri, to Ottumwa, Iowa. The hogs belonged to the plaintiff and he sues as the assignee of said bank. The hogs were delayed five hours over the schedule time for such shipment, and when they arrived at their destination, fourteen of them were dead. The plaintiff seeks to recover on the ground that defendant, "in total disregard of its duty as a common carrier . . . so carelessly and negligently conducted itself . . . that said hogs were greatly injured and fourteen of them dying from said injuries."

The defendant sets up as a special defense the contract entered into between itself and the said bank, wherein it is provided: That in consideration of the reduced rate mentioned in said contract, it was expressly agreed that defendant should not be responsible for any loss, damage, or injury which might happen to said hogs, or be sustained by them, while being loaded, forwarded or unloaded; that in consideration of said reduced rate in said special contract, it was agreed that in the event of any unusual delay or detention of said hogs, while on said trip from any cause whatever, said bank agreed to accept as full compensation for all loss or damage sustained in consequence of such delay the amount actually expended by said bank in the purchase of food and water for said hogs.

The action is founded on negligence and it is a well-established rule that it is not competent for a carrier to contract against its own negligence. [Ward v. Railway, 158 Mo. 238; Bowring v. Railway, 90 Mo. App 324.] And, as the stipulation in the contract limiting the shipper's damages to the amount expended for food

and water refers only to damages occasioned by delay in transportation of the hogs, said stipulation has no bearing on the question of negligence.

The evidence as to negligence was entirely circumstantial. The hogs, when shipped, appeared to be in a healthy condition; on their arrival in Ottumwa, a distance of eighty-nine miles from the point of shipment, fourteen of them were found dead without any visible sign of injury. It was shown that the loss was unusually large in that character of shipment. Where live freight is carried, the shipper, in order to hold the carrier for injury to it, must show that human agency caused or concurred in causing the injury. But the intervention of such human agency may be established by circumstantial evidence. [Hance v. Express Co., 48 Mo. App. 179.] In that case, it was held that such agency appeared with respect to a shipment of poultry, since it was shown that the poultry was apparently in good condition and properly cooped when received by the carrier, but that a very large and unusual part thereof, to-wit, more than one-third of it had died in a transit lasting but a few hours. [See also Hance v. Express Co., 66 Mo. App. 486; Cash v. Railroad, 81 Mo. App. 110.]

The point is made that the Bank of La Plata being a Missouri corporation, it was prohibited by section 1291, Revised Statutes 1899, "from employing its moneys directly in trade or commerce by buying and selling chattels." The bank was not so engaged. The plaintiff's evidence was that he made the contract in the name of the Bank of La Plata, because it carried him for the money he used in buying and shipping stock to market. That the return for the sales were made to the bank and the statement for money received placed to his credit, and that the hogs in question belonged to him. The name of the bank was only used as a matter of convenience and for its protection against loss for money furnished plaintiff to buy stock. The bank, at most, was acting in the capacity of agent for plaintiff. It was not such

a transaction as the statute prohibits; and it being lawful, it was competent for the bank to assign the cause of action to the plaintiff.    Besides section 540 of the code provides that every suit shall be prosecuted in the name of the real party in interest; and also a contract between parties, if made upon a valid consideration, may be enforced by a third person, though he is not named in the contract, when the obligee owes to such third person some duty legal or equitable, which would give him a just claim.    [Devers v. Howard, 144 Mo. 671; Summers v. Railroad, 114 Mo. App. 452, 79 S. W. 481.]

We have been treating the contract thus far as a contract for reduced rates; but the issue was raised on the trial that it was not such a contract, and the finding of the court sitting as a jury was that it was not.    It being an interstate shipment in the matter of rates, it was governed by the interstate commerce act, which required the defendant to file with the Interstate Commerce Commission a schedule of its rates.    In the absence of proof of the records of the Commission, the best evidence of the filing of such schedule would be a certified copy of the same from said commission.    This was not produced, but a witness, without objection, was permitted to state that such schedule was filed.

The said act also required defendant, as a common carrier, to keep two printed copies of its schedule of rates posted in two public and conspicuous places in its depots, stations, or offices, where it received passengers or freight for transportation.    A witness for defendant testified that he had posted such copies at the defendant's depot at La Plata, but that they had been torn down and none such were produced in court.    This was not a compliance with the law, as it provides that the schedules in question shall be kept open for public inspection.    And it is no answer for their absence from public inspection that they have been removed.    Defendant's depots, stations and offices are under its exclusive control, and it was a duty imposed by law that

its schedule of rates should at all times be posted as aforesaid for the inspection of the public. Plaintiff stated that he had been a shipper from said station for many years, and he had never seen or known of such schedule. It was not claimed that it was so posted at the time the contract of shipment in question was made. However, the question was for the court sitting as a jury and its finding was justified by the evidence. In any event, it is conclusive against defendant. [Summers v. Railroad, supra.] It therefore follows that the limitations of defendant's liability in said contract of shipment are void for want of consideration, as defendant had but one rate of shipment for hogs. [Ward v. Railway, 158 Mo. 227; Kellerman v. Railway, 136 Mo. 178; Summers v. Railroad, supra.]

It is contended, however, as there was no reply to defendant's answer that its allegations stand admitted; therefore, defendant's case was made out. Respondent files an abstract which shows that a reply was filed setting out a copy of the same, which put in issue defendant's answer. And a statement is made that the records show the filing of such reply. The verity of this abstract not being denied, we assume that it is correct.

The defendant's refused instructions, being predicated upon validity of the limitations upon its liability in said contract, were properly refused. We can see no error in the trial. Affirmed. All concur.