### CHICAGO, R. I. & P. RY. CO. v. CHAMPLIN LUMBER CO.

No. 4206.    Opinion Filed May 18, 1915.

(149 Pac. 119.)

APPEAL AND ERROR—Evidence—Grounds for Reversal—Action for Overcharge—Established Freight Rate—Best and Secondary Evidence. In an action by a shipper against a railway company to recover alleged overcharges paid upon various interstate shipments of lumber in carload. lots, the principal officer of the lumber company, over the objection of the railway company, was permitted to testify that, whilst he did not know the point of origin of many of the shipments, he did know they originated within a zone wherein the Interstate Commerce Commission had established a certain rate. and that the railway charged his company a rate in excess of the established rate, thereby creating the overcharge. **Held** error, upon the ground that the oral testimony of the witness was not the best evidence to prove the established rate. And **held**, further, that as this was the only evidence offered tending to prove the established rate, the verdict and judgment in favor of the plaintiff must be reversed.

(Syllabus by the Court.)

*Error from District Court, Garfield County;*
*James B. Cullison, Judge.*

Action by the Champlin Lumber Company against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to grant new trial.

*H. B. Low, R. J. Roberts, C. O. Blake,* and *W. H. Moore,* for plaintiff in error.

*Parker & Simons,* for defendant in error.

KANE, C. J.   This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering alleged overcharges on certain shipments of lumber in carload lots.   Upon the plaintiff resting his case, both parties moved the court for a directed verdict, whereupon the court sustained the motion of the plaintiff, and, in accordance with the direction of the court, the jury returned a verdict in its favor in the sum of $580.70, to reverse which action this proceeding in error was commenced.  ·

The grounds upon which plaintiff in error seeks a reversal are stated by its counsel in their brief as follows: (1) There is not sufficient evidence to justify a recovery by plaintiff; (2) the court erred in directing a verdict for the plaintiff.

Mr. H. H. Champlin, the principal officer of the plaintiff; was the only witness who testified in the case.   He testified, in effect, that during the year 1901 his company was engaged in the lumber business, and had yards at Enid, Lawton, Duncan, Hennessey, Anadarko, Hobart, Pond Creek, and Medford; that during said year various carload lots of lumber were shipped to these yards over the Chicago, Rock Island & Pacific Railroad; that the overcharges complained of were paid by the agents in charge of the company's local yards, each of whom made a memorandum of the alleged overcharge at the time it was paid, and forwarded the same to the witness, who some days later transcribed the substance thereof into a book kept for that purpose at Enid.   The witness had no personal knowledge of the amounts thus paid, and confessedly testified entirely from this book.   All the shipments involved were interstate shipments; the lumber being ordered by plaintiff from dealers in surrounding states, who shipped to plaintiff's order at the various towns where its yards

were located. The witness admitted that he did not know in all instances the exact point at which the various shipments originated, but said he did know that they originated in a zone wherein an interstate rate of 28½ cents had been established by the Interstate Commerce Commission, and that the railway company collected from his company in excess of this rate the amount of the verdict returned in plaintiff's favor.

It is contended by counsel for plaintiff in error that there is only one way to prove an interstate rate, and that is by the schedule of rates which the federal act to regulate commerce requires to be filed with the Interstate Commerce Commission. This contention seems to be supported by the authorities.

In *Griffin v. Wabash R. R. Co.*, 115 Mo. App. 549, 91 S. W. 1015, the court said:

"It [the shipment in question] being an interstate shipment, in the matter of rates, it was governed by the Interstate Commerce Act, which required the defendant to file with the Interstate Commerce Commission a schedule of its rates. In the absence of proof of the records of the commission, the best evidence of the filing of such schedule would be a certified copy of the same from said commission."

In the case of *Sloop v. Wabash R. R. Co.*, 117 Mo. App. 204, 84 S. W. 111, the railroad company undertook to prove its freight rate by the parol evidence of its general freight agent. The Supreme Court said:

"The court was right in refusing to admit the testimony of said Knight as to freight rates on file with the Interstate Commission, because it was of a secondary nature. A copy of such rates on file with said commission was the best evidence."

The case at bar was tried upon the theory that the alleged overcharge was created by the railway company collecting a higher rate upon certain interstate shipments

than the rate established by the Interstate Commerce Commission, and, of course, it was necessary to show what the legal rate was. In such circumstances the authorities sustain the rule that the schedule of rates required to be filed with the Interstate Commerce Commission is the best evidence to show the correct interstate rate.

Counsel for defendant in error do not seriously question the correctness of the above proposition, but say that the record and evidence show that proper demand was made upon the defendant for the production of certain original expense bills and documents in its possession tending to establish the facts alleged in their petition, and that by reason of the failure of the railway company to furnish this documentary evidence upon demand the plaintiff was entitled to introduce secondary evidence. Assuming that this may be true as to the part of the allegations of fact set up by the plaintiff which the documentary evidence demanded might tend to prove, yet the question of what was the established rate could be proved only by the schedule of rates required to be filed with the Interstate Commerce Commission, or copies thereof, posted for the information of shippers as required by law, and as these were as accessible to the plaintiff as to the defendant, we know of no good reason why the plaintiff should be absolved from observing the "best evidence rule" upon that point.

For the reason stated, the judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.